United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-12471-amc |
| Blair W. Howell | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Jan 17, 2025 | Form ID: pdf900 | Total Noticed: 7 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 19, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Blair W. Howell, 1198 Jeffrey Lane, Langhorne, PA 19047-3729 |
| 14810769 | + | PNC Bank, NA, c/o Mark A. Cronin, Esq., 701 Market St., Ste 5000, Philadelphia, PA 19106-1541 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Jan 18 2025 00:59:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jan 18 2025 00:59:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 14816824 | Email/Text: Bankruptcy.Notices@pnc.com | Jan 18 2025 00:58:00 | PNC Bank, NA., 3232 Newmark Drive, Miamisburg, OH 45342 |
| 14808240 | Email/Text: Bankruptcy.Notices@pnc.com | Jan 18 2025 00:58:00 | Pnc Mortgage, Attn: Bankruptcy, Po Box 8819, Dayton, OH 45401 |
| 14810628 | ^ MEBN | Jan 18 2025 00:36:50 | PNC BANK, NATIONAL ASSOCIATION, C/O KML Law Group, 701 Market Street Suite 5000, Philadelphia, PA. 19106-1541 |

TOTAL: 5

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Jan 19, 2025 | Signature: | /s/Gustava Winters |

Case 23-12471-amc    Doc 39    Filed 01/19/25    Entered 01/20/25 00:37:28    Desc Imaged
Certificate of Notice    Page 2 of 5

| District/off: 0313-2 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jan 17, 2025 | Form ID: pdf900 | Total Noticed: 7 |

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 17, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor PNC BANK NATIONAL ASSOCIATION bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MICHAEL SETH SCHWARTZ | on behalf of Debtor Blair W. Howell msbankruptcy@gmail.com schwartzmr87357@notify.bestcase.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Blair W. Howell <br> _Debtor(s)_ | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION <br> _Moving Party_ <br> vs. | NO. 23-12471 AMC |
| Blair W. Howell <br> _Debtor(s)_ | |
| Kenneth E. West, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of December 31, 2024, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$12,137.32**. Post-petition funds received after December 31, 2024, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | July 2024 through August 2024 at $1,888.41 each <br> September 2024 through December 2024 at $1,808.67 each |
| Fees & Costs Relating to Motion: | $1,249.00 |
| Suspense funds: | ($123.18) |
| **Total Post-Petition Arrears:** | **$12,137.32** |

2. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of **$1,888.41**.

b). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the remaining post-petition arrears of **$10,248.91**.

c). Movant shall file an Amended or Supplemental Proof of Claim to include the remaining post-petition arrears of **$10,248.91** along with the pre-petition arrears.

d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **January 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$1,808.67** (or as adjusted

pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.  Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.  In the event the payments under Sections 2 and 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.  If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7.  If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.  The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date:    January 6, 2025          /s/ Denise Carlon
                                  Denise Carlon, Esq.
                                  Attorney for Movant

Date:    January 7, 2025          /s/ Michael Seth Schwartz
                                  Michael Seth Schwartz, Esq.
                                  Attorney for Debtor
                                  No Objection - Without Prejudice to Any
                                  Trustee Rights or Remedies
Date:    January 10, 2025         /s/ LeeAne O. Huggins
                                  Kenneth E. West, Esq.
                                  Chapter 13 Trustee

Approved by the Court this __17th__ day of __Jan._____, 2025. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan